# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
                     )
     v.                )       ID No. 0703000796
                     )
JOSE D. BEZAREZ, )
                     )
     Defendant.       )

## ORDER

Date Submitted:    July 8, 2020
Date Decided:       August 7, 2020

Upon consideration of Defendant's Second Motion for Postconviction Relief, the State's Response, Defendant's Reply Brief, Defendant's Renewed Motion to Appoint Counsel and Expansion of Record Request, the Commissioner's Report and Recommendation, Defendant's Motion to Reconsider Defendant's Reply Brief to State's Response, and the record in this case, **IT APPEARS THAT**:

1. On October 3, 2008, Defendant was found guilty of Murder in the First Degree, Felony-Murder, Robbery First Degree, Possession of a Firearm During the Commission of a Felony, and other related offenses.[1] Defendant was sentenced to two life sentences plus substantial additional Level V sentences.[2] Defendant's conviction was affirmed on appeal on October 30, 2009.[3]

---

[1] D.I. 92.
[2] D.I. 99.
[3] *Bezarez v. State*, 983 A.2d 946, 947 (Del. 2009).

2. Defendant filed his First Motion for Postconviction Relief ("First Motion") on October 28, 2010.[4] In his First Motion, Defendant raised three claims of ineffective assistance of trial counsel, one claim of ineffective assistance of appellate counsel, and one claim of abuse of discretion by the trial court.[5] The Court denied Defendant's First Motion on July 20, 2011, and the Delaware Supreme Court affirmed on May 8, 2012.[6]

3. Now, almost ten years later, Defendant has filed a second Motion for Postconviction Relief ("Second Motion"), along with a Motion for Appointment of Counsel.[7] These Motions were referred to a Superior Court Commissioner pursuant to 19 *Del. C.* § 512(b) and Superior Court Criminal Procedure Rule 62. On June 25, 2020, the Commissioner issued her Report and Recommendation as to Defendant's Motions.[8] The Commissioner recommends that Defendant's Second Motion for Postconviction Relief and Motion for Appointment of Counsel be denied.[9]

4. The Commissioner determined that the Second Motion is procedurally barred because it was filed more than one year from the date of the Supreme Court's Mandate on direct appeal.[10] In addition, the Commissioner held that Defendant had

---

[4] D.I. 128.
[5] *Id.*
[6] D.I. 145, 148.
[7] D.I. 165, 166.
[8] D.I. 181.
[9] *Id.*
[10] *Id.* at 4.

2

the opportunity to (and did) assert ineffective assistance of counsel claims in his first Motion for Postconviction Relief and any subsequent attacks now raised in his Second Motion are barred.[11] The Commissioner also concluded that Defendant failed to meet the pleading requirements of demonstrating that his "newly discovered evidence" establishes a strong inference that he is actually innocent in fact of the acts giving rise to his convictions.[12]

5. Defendant filed a "Motion to Reconsider Defendant's Reply to the State's Response" on July 8, 2020, which the Court will treat as objections to the Commissioner's Report and Recommendation.[13]

6. Pursuant to Rule 62, the Court "shall make a *de novo* review determination of those portions of the report or specified findings or recommendations to which an objection is made."[14]

7. Upon review, the Court finds the Commissioner is correct that Defendant's Second Motion is procedurally barred under Rule 61(m)(2) and (i)(1), and Defendant's additional ineffective assistance of counsel claims in his Second Motion are barred because they could have, and should have, been raised in his First

---

[11] *Id.* "The ineffective assistance claims presented . . . do not raise any new evidence nor refer to new law, but rather refer to the trial record and perceived errors of counsel at that time. These claims should have been raised when he presented the First Motion." *See id.* at 5–6.

[12] *Id.* at 8. *See* Super. Ct. Crim. R. 61(d)(2)(i).

[13] D.I. 185.

[14] Super. Ct. Crim. R. 62(a)(5)(iv).

Motion.[15]   The Court agrees with the Commissioner's determination that Defendant's arguments do not meet any exceptions to these procedural bars.[16]

NOW, THEREFORE, after careful and *de novo* review of the record in this action, and for the reasons stated in the Commissioner's Report and Recommendation, IT IS HEREBY ORDERED that the Commissioner's Report and Recommendation are adopted by the Court and Defendant's Second Motion for Postconviction Relief is DENIED and Defendant's Motion for Appointment of Counsel is DENIED.

*Jan R. Jurden*
_____
Jan R. Jurden, President Judge

Original to Prothonotary:
cc:  Jose D. Bezarez (SBI# 260625)
     Maria T. Knoll, DAG

---

[15] Defendant was required to include all bases for relief available to him in his First Motion. *See* Super. Ct. Crim. R. 61(i)(2)(ii).
[16] *See* D.I. 181 at 8.